Salyers v. United Brotherhood of Carpenters Job Corps Training Fund, Inc.                                          Doc. 12

Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **JACK SALYERS,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:06CV00006 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **UNITED BROTHERHOOD OF** ) | By: James P. Jones |
| **NATIONAL CARPENTERS JOB** ) | Chief United States District Judge |
| **CORPS TRAINING FUND, INC.,** ) | |
| ) | |
| Defendant. ) | |

*Frank Kilgore, Frank Kilgore, P.C., St. Paul, Virginia, for Plaintiff; John S. Edwards, Law Office of John S. Edwards, Roanoke, Virginia; Desmond Lee, Decarlo & Conner, Los Angeles, California; and Willow J. Prall, Oakton, Virginia, for Defendant.*

The plaintiff initially filed this employment action in state court. The defendant removed the case to this court, based on diversity of citizenship and amount in controversy.[1] The defendant has now moved to dismiss for failure to state a claim and to strike certain allegations, or in the alternative for a more definite statement.[2] I will dispense with oral argument on the motions because the facts and

---

[1] *See* 28 U.S.C.A. §§ 1332(a), 1441(a) (West 1993, 1994 & Supp. 2005).

[2] *See* Fed. R. Civ. P. 12(b)(6), (e), (f).

Dockets.Justia.com

legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

In his complaint filed in state court, the plaintiff claims that on December 8, 2005, he was fired from his employment as an instructor by the defendant without just cause, based on the false claim of a co-worker that he had harassed and assaulted her. He claims that the firing was in violation of a provision of the employee handbook. He also claims that thereafter the employer disclosed to others the false and defamatory grounds for the termination. In the present motion, the defendant argues that any allegation that the plaintiff was discriminated against should be stricken as irrelevant to his contract claim, or in the alternative, the plaintiff should be required to set forth the particulars of any such discrimination claim. He further contends the plaintiff has failed to state a claim for defamation or invasion of privacy upon which relief can be granted.

In federal pleading, a party is required only to make "a short and plain statement of the claim showing that the pleader is entitled to relief."[3] "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."[4]

---

[3] Fed. R. Civ. P. 8(a).

[4] *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002).

The court may not dismiss a complaint unless the plaintiff can prove no set of facts that would entitle him to relief.[5]

Applying these principles, I find that the plaintiff's complaint is adequate. Further information about the nature of the claims can be obtained through discovery. Accordingly, I will deny the motions.

It is **ORDERED** that the Motion for a More Definite Statement and Motion to Dismiss are DENIED.

ENTER: January 31, 2006

/s/ JAMES P. JONES
Chief United States District Judge

---

[5] *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). There is no heightened pleading standard for defamation in federal court. *See Wuchenich v. Shenandoah Mem'l Hosp.*, No. 99-1273, 2000 WL 665633, at *14-15 (4th Cir. May 22, 2000) (unpublished).